UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| NORMAN SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:05-cv-320 |
| ) | *Mattice/Carter* |
| HAMILTON COUNTY JAIL STAFF; ) | |
| MEDICAL STAFF, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Norman Sullivan ("Sullivan") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks a judgment against the defendants for money damages for lost property and the costs of certain surgical procedures. The essence of Sullivan's claims are the defendants lost his personal property and they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. However, no service shall issue and this complaint will be dismissed for failure to exhaust administrative remedies [Court File No. 3].

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard,* 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

1

> 1997e. Suits by prisoners
>
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

After review of the record and the applicable law, the Court concludes the § 1983 complaint [Court File No. 3 ] will be **DISMISSED** *sua sponte* without prejudice because it was prematurely filed.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available state administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). In order to satisfy the requirement of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint and completing the administrative steps to exhaust all remedies. *See Shorter v. Campbell*, 2003 WL 463480, *2 (6th Cir. Feb. 20, 2003).

Sullivan has failed to follow the Hamilton County Jail procedure for resolving grievance problems on the issues presented in his complaint, which has resulted in his failure to exhaust administrative remedies. The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance procedure. First, informal resolutions are encouraged between staff and inmates. If an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by placing it in the grievance box. The Jail Captain then assigns the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance the third step requires the inmate to appeal to the Chief of Corrections. *See Hamilton County Sheriff's Office Inmate Handbook Number 59,* pp. 20-22 [Court File No. 16, Exhibit A, pp. 20-22].

As explained below, it does not appear that Sullivan has completed the grievance procedure on either of his two claims. Sullivan filed an initial grievance on both of his claims but he failed to exhaust his remedies when he did not complete the third step of the grievance procedure which requires the inmate to appeal to the Chief of Corrections. It does not appear that Sullivan ever appealed either decision past the second step of the grievance procedure.

Sullivan asserts two claims. First, he claims his personal property was stolen. Second, he claims that he has developed a hernia as a result of being forced to sleep on a steel bench or concrete floor while incarcerated in the Hamilton County Jail. On September 12, 2005, Sullivan filed a grievance regarding the loss of his property [Court File No. 16-3, Exhibit B]. However, he failed to file an appeal with the Chief of Corrections. On September 11, 2005, Sullivan filed a grievance claiming he has developed a hernia as a result of being forced to sleep on a steel bench or concrete

floor while incarcerated [Court File No. 16-3, Exhibit B]. Once again, he failed to exhaust his administrative remedies when he failed to file an appeal with the Chief of Corrections. Consequently, Sullivan has failed to demonstrate he exhausted his administrative remedies. Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, supra, for a "mixed" complaint. *Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision) *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104). The Sixth Circuit has held that dismissal of a prisoner's complaint is required when he alleges both exhausted and unexhausted claims. *See Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006)("[T]he PLRA requires total exhaustion, and that exhaustion is mandatory, even if proceeding through the administrative system would be futile. (internal quotation marks omitted)); *Bey v. Johnson*, 407 F.3d 805 (6th Cir. 2005), *petition for cert. filed,* 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874)( holding that when a prisoner alleges both exhausted and unexhausted claims, the PLRA requires a complete dismissal of a prisoner's complaint).

The Court has reviewed Sullivan's allegations concerning the exhaustion issue and does not find that he has demonstrated his administrative remedies have been exhausted as to all claims raised in his complaint. Accordingly, because Sullivan has the burden of showing he has exhausted his administrative remedies with respect to each claim raised in his § 1983 complaint and because Sullivan has failed to carry his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint, this action will be **DISMISSED** *sua sponte* **WITHOUT**

**PREJUDICE** for failure to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).[1]

A judgment will enter.

                                                 *s/ Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                                 UNITED STATES DISTRICT JUDGE

---

[1] Even if Sullivan had exhausted his remedies he would not be entitled to relief because he has failed name a proper defendant. Sullivan has named the Hamilton County Jail Staff and the Hamilton County Jail Medical Staff as defendants in this matter. However the medical staff and jail staff are subdivisions of the sheriff's department and are not legal entities that are subject to being sued. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973) (state prison medical department not a "person" under § 1983). Governmental divisions and departments are not suable entities. *See Farris v. Shelby County*, 2006 WL 1049320, at *1 n. 2 (W.D. Tenn. April 20, 2006).

5